Statement of Facts.

[No. 2,807.]

# L. H. FOOTE v. J. W. RICHMOND.

ADMISSION OF TESTIMONY AFTER CLOSE IN CHIEF—DISCRETION.—Where a defective power of attorney, offered by plaintiff, was admitted under objection, and after plaintiff's evidence in chief was closed, the Court allowed him to produce a sufficient power; *held*, that its admission at that time was matter of discretion, not to be disturbed in the absence of a showing of abuse.

APPEARANCE OF ATTORNEY OUT OF STATE.—Where a defendant was served out of the State, and an attorney then with him signed and transmitted a document to the effect that as defendant's attorney he acknowledged service, and authorized a judgment to be taken as prayed for; *held*, sufficient to show a voluntary appearance, and to justify the entry of an immediate judgment.

AMENDED COMPLAINT — ADMISSION OF SERVICE BY NEW PARTIES.— Where plaintiff amended his complaint by adding two new parties defendant, and these new parties afterwards filed a document in which they acknowledged "service of a copy of the complaint and summons herein," without mentioning the amended complaint, and consented to the entry of judgment as prayed for; *held*, that such appearance was sufficient, and authorized such a judgment.

RECITALS IN JUDGMENT—PRESUMPTIONS OF THEIR CORRECTNESS.—Where a decree recited that defendants consented to the entry thereof; *held*, that it would be presumed, against collateral attack, that such consent was so presented as to give the Court jurisdiction of their persons at the date of the decree.

POINTS AS TO SUFFICIENCY OF EVIDENCE WAIVED IF NOT PRESENTED BELOW.—The points that the evidence failed to establish a compliance with the conditions precedent of a deed under which the prevailing party claimed, and that the evidence failed to show that the property in controversy was within the calls of such deed, cannot be urged in the Supreme Court, if not specified as grounds of a motion for new trial.

PARTICULARS OF INSUFFICIENCY OF EVIDENCE MUST BE SPECIFIED.—On a motion for new trial the general ground of insufficiency of the evidence to justify the findings is of no avail, unless there are proper specifications of particulars wherein it is insufficient.

APPEAL from the District Court of the Sixth Judicial District, Sacramento County.

This was an action of ejectment for twenty town lots in the City of Sacramento. As a portion of his deraignment of title to some of them, the plaintiff introduced a deed

from Roland Gelston, by his attorney in fact, Joseph Clough, to James C. Zabriskie. It was the power of attorney under which Clough acted that first engages the attention of the Court in the following opinion. From Zabriskie, the title passed to P. B. Cornwall, and from him to David B. Milne. Milne mortgaged to William S. Mesick, and Mesick, in 1862, commenced a foreclosure suit against Milne, and soon after its commencement, on leave of the Court first obtained, amended the complaint by making James C. Zabriskie and wife also parties defendant, and alleging that Milne had conveyed to them after the execution of the mortgage to Mesick.

As the plaintiff claimed under the decree and sale in *Mesick* v. *Milne,* defendant attacked the proceedings in that case. It seems that Milne was in the then Territory of Nevada, at the commencement of that suit. An affidavit for publication of the summons was accordingly presented, and an order obtained; and soon afterwards a personal service upon him was made in Carson City, Nevada. At the time of such service, March 15th, 1862, an attorney named G. D. Hall, wrote and transmitted to Mr. Cadwalader, Mesick's attorney, a document, as follows:

"State of California, Sacramento County, District Court, Sixth Judicial District.

" WILLIAM S. MESICK, Plaintiff,
　　　　" *v.*
" DAVID B. MILNE, Defendant.

" GEORGE CADWALADER, Esq.: I hereby acknowledge service of the summons and complaint in the above entitled action, and authorize a decree therein pursuant to the prayer of the plaintiff against D. B. Milne.

　　　　　　　　　　　" Respectfully, etc.,
　　　　　　　　" G. D. HALL, Respondent's Attorney.
" CARSON CITY, ORMSBY COUNTY,
　　　" NEVADA TERRITORY, March 15th, 1862."

Shortly afterwards, and after the complaint had been amended as mentioned above, the following other document was signed and acknowledged in San Francisco, and placed in the hands of the plaintiff's attorney in that suit:

"In the District Court of the Sixth Judicial District for the County of Sacramento.

"W. S. MESICK, Plaintiff,     ⎫
    "*v.*            ⎬
"D. B. MILNE, *et als.,* Defendants. ⎭

"We hereby acknowledge service of a copy of the complaint and summons herein, and waive the time allowed by law for answering, and consent that the decree herein prayed for by plaintiff be entered.

"JAMES C. ZABRISKIE.

"MARY M. ZABRISKIE.

"June 14th, 1862."

On July 2d, 1862, both the foregoing documents were filed, and Mesick took a decree for the foreclosure of the mortgage against Milne. The decree recited that the cause had been submitted, and that it appeared to the satisfaction of the Court that the defendants therein had duly consented to the plaintiff having the relief prayed for by him.

The defendant, in the case at bar, objected to the introduction of the decree referred to, on the ground that at the time of its entry the service upon Milne was not complete, and that there being therefore no jurisdiction in the Court, the decree was void; also, because there was nothing in the record to show that the amended complaint was ever served upon Zabriskie or his wife. The objections were overruled, and defendant excepted.

After both parties had rested, and defendant had moved to strike out the power of attorney from Gelston to Clough, on account of its defective acknowledgment, plaintiff asked

and obtained leave of the Court, against defendants' objection, to introduce the power of attorney in evidence over again, it appearing that it had been reacknowledged and rerecorded, and its previous defects, if any, entirely remedied.

There having been a judgment for plaintiff, defendant moved for a new trial upon the two grounds of: 1st. Insufficiency of the evidence to justify the decision of the Court, and that it was against law; 2d. Errors in law occurring at the trial, and excepted to by defendant at the time. The motion being denied, defendant appealed.

*Henry Starr*, for Appellant.

*Beatty & Denson*, for Respondent.

By the Court, Sprague, J.:

The objection to the power of attorney from Gelston to Clough as evidence, on the ground of defective acknowledgment, was cured by subsequent evidence of a power properly acknowledged, admitted by the Court without other objection than that the evidence came too late—the plaintiff having closed his evidence in chief. The Court, notwithstanding this objection, admitted the evidence, which, in the exercise of a sound discretion, he could properly do; and I think in this there was no abuse of this discretion. (*Mowry* v. *Starbuck*, 4 Cal. 274; *Priest* v. *Union Canal Co.* 6 id. 170; *Lisman* v. *Early*, 5 id. 199.)

The objections to the judgment roll in the case of *Mesick* v. *Milne et al.* as evidence are not well taken. It appears from said judgment roll that the action was originally commenced for the foreclosure of a mortgage upon certain real estate, given by Milne March 9th, 1859. The original complaint was filed March 1st, 1862; summons issued thereon against Milne alone. Subsequently, on the 19th of May,

1862, upon discovery that Milne, after the execution of the mortgage, had conveyed the mortgaged premises to Zabriskie and wife, plaintiff, by leave of the Court, filed a supplemental complaint, alleging the fact, and making Zabriskie and wife defendants.

Defendant Milne was personally served with the summons on the 15th March, 1862, in Nevada Territory. On the 2d day of July, 1862, the consent of Milne, by his attorney, G. D. Hall, that a decree be taken against him in the case, pursuant to the prayer of the complaint, was filed. This consent is in writing, signed by Hall as Milne's attorney, and is dated 15th March, 1862, the day on which service of summons was made on Milne. On the 14th day of June, 1862, the defendants Zabriskie and wife duly acknowledged service of summons and copy of the complaint, and consented that decree be entered against them as prayed for, which consent was in writing, duly signed and acknowledged by Zabriskie and wife. The decree was entered on the 2d day of July, 1862, and recites that it appeared to the satisfaction of the Court that the defendants duly consented thereto.

I think that the written consent of defendants, as filed, sufficiently shows a voluntary appearance of defendants, and that the Court had jurisdiction of their persons. But even if this evidence of voluntary appearance were not deemed sufficient—from the recital of the decree that it appeared to the satisfaction of the Court that the defendants have duly consented that decree be entered against them—it must be presumed, against collateral attack of the decree, that the consent of the defendants was presented to the Court in such a manner and form as to give the Court jurisdiction of their persons at the date of the rendition of the decree.

The fourth and fifth points urged by appellant are not well taken. The deed or writing from John A. Sutter, Jr.,

to Brannan, Bruce, Graham, and Wetzlar was properly admitted in evidence, as was also the deed of Moore and Welty to plaintiff. If the subsequent evidence failed to establish a compliance with the conditions precedent contained in Sutter's deed by the grantees therein, or if the evidence failed to show that any portion of the demanded premises were within the calls of the Moore and Welty deed, appellants have not specified these as grounds of their motion for a new trial. The only specified grounds of their motion for a new trial found in their statements relate to errors of law in the admission of evidence and in denying defendant's motion for nonsuit. There are no proper specifications under the general head of insufficiency of the evidence to justify the findings.

The defendant's motion for nonsuit upon the grounds stated was properly denied. The evidence of plaintiff clearly shows that the property in controversy is within the Sutter grant, and within the calls of the deeds intermediate connecting plaintiff with the Sutter title, and strongly tended to show that the condition precedent in the deed from Sutter, Jr., to Brannan, Bruce, Graham, and Wetzlar had been fully performed by the grantees therein named to the entire satisfaction of the grantor.

Judgment and order affirmed.