[No. 19333.    Department Two.—July 20, 1894.]

BARBARA CHILDS, RESPONDENT, v. ROY S. LANTERMAN, APPELLANT, ET AL., DEFENDANTS.

INFANCY—VALIDITY OF JUDGMENT—GUARDIAN AD LITEM.—A judgment against an infant in an action in which no guardian *ad litem* has been appointed is not for that reason void.

ID.—APPEARANCE BY ATTORNEY.—A judgment rendered against an infant in an action in which he has appeared by an attorney will be upheld as fully as though he had appeared in person.

ID.—AUTHORITY OF ATTORNEY—PRESUMPTION—RATIFICATION—WAIVER OF OBJECTION.—The appearance by an attorney in behalf of an infant will be presumed to have been authorized by him, so far as the direction and consent of the infant can give authority; and if, after reaching majority, instead of repudiating such appearance he treats the judgment as having been regularly entered, and makes no objection upon the ground of illegality or want of jurisdiction, he waives his right thereafter to make such objection.

ID.—MOTION FOR A NEW TRIAL AND APPEAL—CONFIRMATION OF JUDGMENT—ESTOPPEL.—A judgment against an infant in an action in which he has appeared by attorney will be considered as confirmed, if, after he comes of age, he takes any action in reference thereto which is consistent only with assuming its validity; and if he thereafter moves the court for a new trial, and, failing therein, appeals to the supreme court from the order and judgment, he cannot, after the affirmance of the judgment, maintain a motion to set aside the findings and judgment, and to strike out the answer filed in his behalf, upon the ground of his infancy at the time the answer was filed and the trial had, and for the want of authority in the attorney to appear in his behalf.

ID.—SUBMISSION OF PERSON TO JURISDICTION OF COURT.—If a defendant, though not served with process, seeks such relief at the hands of the court as is consistent only with the hypothesis that the court has jurisdiction of the cause and of his person, he thereby submits himself to the jurisdiction of the court, and is bound by its action as fully as if he had been regularly served with process.

APPEAL from an order of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*M. W. Conkling*, and *Edwin A. Meserve*, for Appellant.

An attorney cannot appear for or bind a minor who is not first properly before the court. (Civ. Code, sec. 33; Code Civ. Proc., secs. 372, 373; *McCloskey* v. *Sweeney*, 66 Cal. 53; *Johnston* v. *San Francisco Sav. Union*, 63 Cal. 554, 562, 563; 75 Cal. 134; 7 Am. St. Rep. 129; *De la Hunt* v. *Holderbaugh*, 58 Ind. 285.) It is indispensable to the validity of a judgment against an infant that the record should show that he was made a party in some legal and effectual mode. The requirement that personal service must be made upon the infant is jurisdictional. (Black on Judgments, sec. 194; *Johnston* v. *San Francisco Sav. Union*, 63 Cal. 554; *McCloskey* v. *Sweeney*, 66 Cal. 53.) This judgment, having been rendered by the court without jurisdiction of this appellant, was void as to him, and no subsequent proceedings or acts in the action could validate it. (Black on Judgments, sec. 171, 215; Freeman on Judgments, sec. 118.) The judgment, being void, it is void and of no effect for all purposes and at all times and under all circumstances.

(Black on Judgments, sec. 170; Freeman on Judgments, sec. 117.)

*Will D. Gould,* for Respondent.

If an attorney appears for a defendant in a court of general jurisdiction this appearance gives the court jurisdiction of the person of the defendant. (*Carpentier* v. *City of Oakland,* 30 Cal. 440.) Where an attorney appears for a person, his authority will be presumed both in the trial and in the appellate court. An attorney appearing for an infant will be presumed to have been authorized. (1 Lawson's Rights, Remedies, and Practice, sec. 157; *Hilliard* v. *Carr,* 6 Ala. 557; *Clark* v. *Willett,* 35 Cal. 534.) Appearance by attorney or in person waives service or defect of summons. (Code Civ. Proc., secs. 416, 1014; *Cronise* v. *Carghill,* 4 Cal. 121; *Suydam* v. *Pitcher,* 4 Cal. 280; *Douglass* v. *Pacific Mail S. S. Co.,* 4 Cal. 304; *Hayes* v. *Shattuck,* 21 Cal. 52; *Randall* v. *Falkner,* 41 Cal. 242; *Foote* v. *Richmond,* 42 Cal. 439; *Johnson* v. *Tyson,* 45 Cal. 257; *Kimball* v. *Board of Supervisors,* 46 Cal. 19.) An infant is as much bound by a decree in equity as a person of full age, and will not be permitted to dispute it, except upon the same grounds as an adult might have disputed it—such as fraud, collusion, or error. (2 Lawson's Rights, Remedies, and Practice, sec. 840; *Joyce* v. *McAvoy,* 31 Cal. 273; 89 Am. Dec. 172.) If an infant appears by attorney, no objection can be taken after verdict in favor of the infant. (2 Lawson's Rights, Remedies, and Practice, sec. 840.)

HARRISON, J.—The plaintiff brought this action to quiet her title to certain lands in the county of Los Angeles, making Roy S. Lanterman, the appellant herein, one of the defendants. An answer to the complaint was filed by Stephen M. White, as attorney for all the defendants, including the appellant, and upon a trial of the cause, judgment was rendered in favor of the plaintiff. When the action was commenced, and at the

time of the trial, the appellant was an infant, and did not attain his majority until July 20, 1890. No order of court was made appointing a guardian *ad litem* for him, and the record does not contain any evidence that the summons in the action was served upon him, although it is not alleged or shown that service was not in fact made upon him. The findings of the court were filed July 12, 1890, but the judgment, although signed as of that date, was not filed or entered until July 21st. Thereafter, a motion for a new trial was made in behalf of the defendants—Roy S. Lanterman, the appellant herein, making and filing an affidavit in support thereof—and this motion being denied, the defendants appealed from the order and also from the judgment. Upon this appeal the order and judgment were affirmed. (*Childs* v. *Lanterman*, 95 Cal. 369.) After the *remittitur* had been filed in the court below, viz: March 9, 1893, a motion was made on behalf of Roy S. Lanterman to set aside the findings and judgment against him, and to strike out the answer filed on his behalf, upon the ground of his infancy at the time the answer was filed and trial had, and the want of any authority in the attorney to appear in his behalf. This motion was denied, and the present appeal is from that order.

Although it is provided in section 372 of the Code of Civil Procedure, that when an infant is a party he must appear either by his general guardian, or by a guardian *ad litem* appointed by the court, yet a judgment rendered against an infant, in which no guardian *ad litem* has been appointed, is not for that reason void (1 Black on Judgments, sec. 195; *Emeric* v. *Alvarado*, 64 Cal. 600; *Kemp* v. *Cook*, 18 Md. 130; 79 Am. Dec. 681); and a judgment rendered against him in an action in which he has appeared by an attorney will be upheld as fully as though he had appeared in person. (*Barber* v. *Graves*, 18 Vt. 290; *Marshall* v. *Fisher*, 11 Pa. St. 111; *Townsend* v. *Cox*, 45 Mo. 401.) The appearance by an attorney in his behalf will be assumed as authorized by

him, so far as the direction and consent of the infant can give authority (*Kemp* v. *Cook*, 18 Md. 130; 79 Am. Dec. 681); and if, after reaching majority, he would repudiate such appearance, it is incumbent upon him, when he takes any action with reference to the judgment, to indicate his repudiation, rather than do some act which assumes that the authority was given. If he then treats the judgment as having been regularly entered, and makes no objection upon the ground of irregularity or want of jurisdiction, he waives his right thereafter to make such objection. As the judgment is not void, but is merely voidable at his instance, it may be affirmed by him, and, as in the case of any other obligation that he has assumed during infancy which is susceptible of ratification, it will be considered as affirmed by him if he takes any action in reference thereto, after he comes of age, which is consistent only with assuming its validity.

At the time the judgment herein was entered, the appellant had reached his majority. He could then have sought relief therefrom upon the ground of irregularity in the service of process upon him, or want of authority in the attorney to appear for him, by reason of his infancy; instead of which, however, he moved the court for a new trial, and failing therein, appealed to this court, not only from this order but also from the judgment, and it was not until after the affirmance of that judgment, nearly three years subsequent to its entry, that his infancy at the time it was rendered was brought to the attention of the court. Nor did he, upon the hearing of the present motion, make any personal showing or affidavit in his own behalf, the motion having been presented through an attorney without any affidavit by himself in support thereof, indicative of his desire to avoid the judgment. It is also to be observed that the appellant does not deny that the appearance of the attorney in his behalf was with his full knowledge and concurrence. We are of the opinion that by these acts the appellant submitted himself to the jurisdiction of

the court, and is bound by its judgment. It is well settled that if a defendant, though not served with process, takes such a step in an action, or seeks such relief at the hands of the court as is consistent only with the hypothesis that the court has jurisdiction of the cause and of his person, he thereby submits himself to the jurisdiction of the court, and is bound by its action as fully as if he had been regularly served with process. (*Coad* v. *Coad*, 41 Wis. 26; *Wood* v. *Young*, 38 Iowa, 102; *Crowell* v. *Galloway*, 3 Neb. 215; *Foote* v. *Richmond*, 42 Cal. 443.) "A party cannot come into court, challenge its proceedings on account of irregularities, and after being overruled be heard to say that he never was a party in court or bound by those proceedings. If he was not in fact a party, and had not been properly served, he can have the proceedings set aside on the ground of want of jurisdiction, but he must challenge the proceedings on that single ground. This is familiar doctrine." (*Burdette* v. *Corgan*, 26 Kan. 104.)

The motion of the appellant herein for a new trial, and his appeal from the judgment upon the ground that the court erred in rendering such judgment, assumed that the court had jurisdiction of him, and was a waiver of his right to question that fact. (*Fee* v. *Big Sand Iron Co.*, 13 Ohio St. 563; *Mason* v. *Alexander*, 44 Ohio St. 329.)

The order is affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.