[S. F. No. 9396. In Bank.—November 30, 1920.]

## CYPRIEN GOUANILLOU, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] Infants — Disaffirmance of Judgment — Lack of Representation.—The right of a minor to disaffirm an adjudication of his rights by a judicial tribunal obtained in a proceeding in which he has not been duly represented as provided by law continues until barred by laches after the minor has attained the age of majority.

[2] Workmen's Compensation Act — Decisions of Commission — Legal Principles Governing.—Since the Industrial Accident Commission is a judicial body exercising judicial functions, its decisions and awards are subject to those general legal principles which circumscribe and regulate the judgments of all judicial tribunals.

[3] Id.—Application by Minor Employee — Nonrepresentation by Guardian—Disaffirmance of Award upon Majority.—Where an injured employee was a minor under the terms of the Workmen's Compensation Act at the time of her application for compensation and hearing and was not represented therein by a guardian, she had the right, incident to minority, of disaffirming the award

of the commission rendered in such proceeding within a reasonable time after reaching the age of majority.

[4] INFANTS — AGE OF MAJORITY — MATTER OF LEGISLATIVE REGULATION.—The age of majority is a matter of legislative regulation, and the legislature may prescribe a longer period of minority for some purposes than for others.

[5] WORKMEN'S COMPENSATION ACT — UNIFORM AGE OF MAJORITY — CONSTRUCTION OF ACT.—Section 16 (d) of the Workmen's Compensation Act of 1913, as amended in 1915 (Stats. 1915, p. 1079), and section 11 (d) of the act of 1917 (Stats. 1917, p. 831), prescribe the status of minority, with the privileges and disabilities incident thereto, for all persons under the age of twenty-one, and places females between the ages of eighteen and twenty-one in the category of minors.

[6] ID.—REPRESENTATION OF MINORS AND INCOMPETENT PERSONS — CONSTRUCTION OF ACT.—The fact that section 16 (d) of the Workmen's Compensation Act of 1913 and section 11 (d) of the act of 1917 provide that a guardian "may" appear for minors and incompetents does not make the statute merely permissive as regards the right to appear with or without representation by a guardian, but is intended as an enabling provision for the purpose of giving the guardian provided for by the section a standing before the commission in default of or supplementary to any other method designated by the commission.

[7] ID.—APPLICATION BY MINOR—AWARD AFTER MAJORITY—RIGHT OF DISAFFIRMANCE.—Where an injured employee was a minor at the time of application for compensation and hearing and was not represented by guardian, the fact that she became twenty-one before the award was rendered would not defeat her right of disaffirmance if exercised within a reasonable time.

[8] ID.—DISAFFIRMANCE OF AWARD—ORDER BY COMMISSION—WHEN UNNECESSARY.—The failure of the commission to enter a separate order setting aside a disaffirmed award is an informality which does not operate to invalidate a second award made after the employee attained the age of majority.

CERTIORARI to review an order of the Industrial Accident Commission awarding compensation. Affirmed.

The facts are stated in the opinion of the court.

C. H. Patterson for Petitioner.

A. E. Graupner, Warren H. Pillsbury and Fred W. Fry for Respondents.

LENNON, J.—*Certiorari* to review an order of the Industrial Accident Commission awarding compensation to an employee of petitioner for injuries sustained November 25, 1917. An application by the employee for adjustment of the claim to compensation was denied by the commission on March 11, 1919, upon the ground that the proceeding was barred by the statute of limitations prescribed by the Workmen's Compensation Act, [Stats. 1913, p. 279], the application having been filed on October 17, 1918, more than six months after the date of the injury. No steps to obtain a rehearing of this proceeding have ever been taken. Miss Marie Michaud, the injured employee, was twenty years of age at the date of the filing of her application for adjustment and at the date of the hearing of said application, becoming twenty-one on November 10, 1918, two days after the termination of the hearing. On April 25, 1919, by a new attorney, she filed a disaffirmance of the proceeding upon the ground of minority, a notice of motion to set aside all previous proceedings upon the claim to compensation, and a new application for adjustment of the same claim. A hearing was held and, on December 30, 1919, the commission entered an award granting compensation to the employee. A rehearing of this second proceeding and award was denied by the commission, and petitioner seeks a review thereof by this court.

It is conceded that the decision of the commission rendered March 11, 1919, is valid and in full force and effect and, consequently, that the second proceeding and award are in excess of the power of the commission, unless the employee possessed the right of disaffirming the first award on the ground of her minority. [1] The right of a minor to disaffirm an adjudication of his rights by a judicial tribunal obtained in a proceeding in which he has not been duly represented as provided by law continues until barred by laches after the minor has attained the age of majority; the right is not dependent upon statute, but is a general rule of law enforced as a necessary incident to the status of minority. (*Joyce* v. *Joyce,* 5 Cal. 161; *Johnston* v. *Southern Pac. Co.,* 150 Cal. 535, [119 Am. St. Rep. 181, 10 L. R. A. (N. S.) 818, 89 Pac. 348]; 22 Cyc. 641, 699.) [2] Since the Industrial Accident Commission is a judicial body exercising judicial functions, its decisions and awards are subject to those general legal principles which

circumscribe and regulate the judgments of all judicial tribunals. (*Western Metal Supply Co.* v. *Pillsbury,* 172 Cal. 407, [Ann. Cas. 1917E, 390, 156 Pac. 491]; *Carstens* v. *Pillsbury,* 172 Cal. 572, [158 Pac. 218]; *Smith* v. *Industrial Acc. Com.,* 26 Cal. App. 560, [147 Pac. 600].) **[3]** Therefore, if the employee was a minor, under the terms of the Workmen's Compensation Act, at the time of the first application and hearing, since she was not represented therein by a guardian, she had the right, incident to minority, of disaffirming the award of the commission rendered in such proceeding within a reasonable time after reaching the age of majority.

Section 16(d) of the Workmen's Compensation Act of 1913, [Stats. 1913, p. 288], as amended in 1915 (Stats. 1915, pp. 1079, 1086), which was in force on the date the injuries were sustained, and section 11 (d) of the present act (Stats. 1917, pp. 831, 842), provide: "If an injured employee, or in the case of his death, one or more of his dependents, shall be under twenty-one years of age or incompetent at any time when any right or privilege accrues to such person under the provisions of this act, a general guardian, appointed by the court, or a guardian *ad litem* or trustee appointed by the commission or a commissioner may, on behalf of any such person, claim and exercise any such right or privilege with the same force and effect as if no such disability existed; and no limitation of time provided by this act shall run against any such person under twenty-one years of age or incompetent unless and until such guardian or trustee is appointed."

**[4]** It cannot be questioned that the age of majority is a matter of legislative regulation and that the legislature may prescribe a longer period of minority for some purposes than for others. (*Magee* v. *Welsh,* 18 Cal. 155; *Moore* v. *Williams,* 19 Cal. App. 600, 610, 611, [127 Pac. 509]; Dwight on Law of Persons and Personal Property, p. 284; 22 Cyc. 511.) Petitioner raises the question, however, as to whether the legislature has, in fact, altered the age of majority of females for the purpose of the Workmen's Compensation Act. The contention of petitioner is that the above-quoted section of the Workmen's Compensation Act is to be construed with section 25 of the Civil Code, which provides, in effect, that females of the age of eighteen are not minors, and, there-

fore, that the section of the act quoted above has a different
effect and operation in its application to females between the
ages of eighteen and twenty-one than to males under twenty-
one and females under eighteen. That is to say, it is con-
tended that the effect of the act was not to place females
between the ages of eighteen and twenty-one in the category
of minors, but merely to confer upon them certain specified
rights in addition to those ordinarily accorded them as person
*sui juris;* that these rights, as to females between the ages of
eighteen and twenty-one, do not carry with them the privi-
leges ordinarily incident to minority, such as the right of dis-
affirmance, and may be waived by an election to proceed as
a person *sui juris.*

[5] We are of the opinion that this contention cannot be
sustained and that, at least for the purpose of enforcing rights
accruing under the Workmen's Compensation Act, the section
of the act previously set forth prescribes the status of minor-
ity, with the privileges and disabilities incident thereto, for
*all persons* under the age of twenty-one. The language of
the statute is general, providing for representation by a
guardian *ad litem,* or a general guardian, and a suspension
of the statute of limitations for all employees under twenty-
one. The right to appear by a guardian and the suspension
of the running of the statute of limitations until the ap-
pointment of a guardian are not special privileges inde-
pendent of minority. The conferring of such rights is a
recognition of certain disabilities appertaining to the period
of minority which require particular protection by the grant-
ing of special privileges. The period at which such privi-
leges and disabilities shall cease cannot, logically, depend
upon individual volition, and there would be no logic or
purpose in permitting a female twenty years of age to adopt
certain privileges of minority or to waive all such privileges
and, at her own option, assert the rights of a person who
has attained the age of majority. A provision for repre-
sentation by a guardian for the enforcement of certain
rights, and a provision for the suspension of the running
of the statute of limitations until the appointment of such
guardian for a person *sui juris* as to the enforcement of
such rights, would be such an anomaly in our system of
jurisprudence that it cannot be presumed to have been in-
tended in the absence of express legislative declaration.

Moreover, the wording and history of the section of the act under consideration are prolific with proof that the intent of the legislature was to adopt a uniform age of majority for the purposes of the section. This section of the Workmen's Compensation Act, as enacted in 1913, contained the words "a minor" in the place of "under twenty-one years of age," the latter phrase being substituted by amendment in 1915. It is thus evident that the legislature originally intended to adopt the respective ages of majority fixed by the code for males and females, but altered the law in 1915 to put females upon an equal footing with males as regards the disabilities and privileges of minority. The following phraseology of the section is also significant: "A . . . guardian . . . may, on behalf of *any such person,* claim and exercise any such right or privilege with the same force and effect as if *no such disability existed.*" (Italics ours.) The addition to this section of the following sentence, by amendment in 1917, indicates that all persons under twenty-one are considered minors within the purview of the section: "The commission shall have power to determine the fact of the *minority* or incompetency of any injured employee and may appoint a trustee to receive and disburse compensation payments for the benefit of such *minor* or incompetent and his family." (Italics ours.) Finally, the classification of females between the ages of eighteen and twenty-one with persons ordinarily not *sui juris,* namely, females under eighteen, males under twenty-one, and incompetent persons, is a strong indication of a legislative intent that they, likewise, are to be regarded as not *sui juris.*

[6] The fact that section 16(d) of the act of 1913 (sec. 11(d) of the act of 1917) provides that a guardian "may" appear for the persons specified is relied upon by petitioner in support of his argument that the statute is not mandatory, but merely permissive, and that a female over eighteen may elect whether or not she will be represented as provided by the section. This section must be construed in the light of subdivisions 2 and 3 of section 75 of the act of 1913 (subd. a of sec. 57 of the act of 1917), which give the commission general power to regulate the manner and by whom minors and incompetents are to be represented before the commission. The provisions of section 16(d) of

the act of 1913 (sec. 11(d) of the act of 1917) were undoubtedly intended to prescribe a method for the representation of minors and incompetents before the commission in addition to and in default of any method adopted by the commission under the authority conferred by the subsequent sections of the act. It is clear, therefore, that the word "may" is not permissive as regards the right to appear with or without representation by a guardian, but is intended as an enabling provision for the purpose of giving the guardian provided for by the section a standing before the commission in default of or supplementary to any other method designated by the commission.

[7] The employee, being under twenty-one at the time of the first application and hearing, was, therefore, a minor for the purpose of the enforcement of rights acquired under the terms of the act. As an incident to her status of minority she possessed the right of disaffirming the award of the commission, which deprived her of a right to which she was entitled, and the fact that she became twenty-one before the award was rendered would not defeat her right of disaffirmance if exercised within a reasonable time after reaching majority. (*Childs* v. *Lanterman*, 103 Cal. 387, [42 Am. St. Rep. 121, 37 Pac. 382].) She exercised this right by filing her disaffirmance and second application within six months after becoming twenty-one and within one month after the rendition of the first award. The finding of the commission that this was a reasonable time, and that there was no unequivocal act on the part of the employee affirming the decision prior to the disaffirmance proceedings, cannot be disturbed. (*Walker* v. *Industrial Acc. Com.*, 177 Cal. 737, [L. R. A. 1918F, 212, 170 Pac. 954].)

[8] The commission failed to specifically pass upon the motion of the employee to set aside the first award, which motion was made at the time of the filing of the second application and, upon stipulation, heard and considered together with and at the time of the hearing of the second application. Inasmuch as the second judgment and award itself, by virtue of the findings on which it was based, in effect set aside and superseded the previous decision, the failure of the commission to enter a separate order setting aside the first award is an informality which does not operate to invalidate the award under review. (Stats. 1915,

c. 607, sec. 77a, p. 1102; Stats. 1917, c. 586, sec. 60a, p. 871.)

The second award is therefore affirmed, and the cause remanded with directions to the commission to correct the irregularity above indicated by entering an order setting aside the first award.

Shaw, J., Olney, J., Lawlor, J., and Sloane, J., concurred.

ANGELLOTTI, C. J., Dissenting.—I dissent.

To my mind the section of the Workmen's Compensation Act here involved does not purport to make a woman who has reached the age of majority by attaining the age of eighteen years a minor until she attains the age of twenty-one, for the purposes of the act, or debar her from prosecuting a claim under the act without the interposition of a guardian. It simply purports to authorize the appointment by the commission or a commissioner of a guardian *ad litem* or trustee for anyone under twenty-one years of age, or incompetent, and provides that no limitation of time provided by the act shall run against any person under twenty-one years of age or incompetent until a guardian or trustee is appointed.

In this case the first judgment was given in a proceeding brought by the woman herself. She was then nearly twenty-one years of age. She became twenty-one years of age two days after the termination of the hearing. Judgment was not given until four months after she had attained the age of twenty-one. I think the judgment was a valid and binding one, not open to disaffirmance, and subject to review only in the manner and within the time provided in the act.

Wilbur, J., concurred.