[Civ. No. 452. Fourth Appellate District.—August 19, 1931.]

ROSEBELLE KING, a Minor, etc., Respondent, v. RALPH WILSON, Appellant.

LUCILE H. KING, Respondent, v. RALPH WILSON, Appellant.

Stearns, Luce & Forward for Appellant.

Adam Thompson, Renwick Thompson and Gordon Thompson for Respondents.

ALLEN, J., *pro tem.*—The first of these two actions grew out of the ordinary automobile accident in which the plaintiff Rosebelle King, a minor, was severely injured and was awarded judgment against both defendants. In the second case the plaintiff Lucile H. King, the mother of Rosebelle King, recovered judgment against both defendants for medical and hospital expenses. The two cases were by stipulation of all parties consolidated and tried together. From these judgments defendant Ralph Wilson urges this appeal, the defendant Roy Downs not appealing.

■ The first error assigned by appellant is that at the time of the trial he was under the age of twenty-one years and that no guardian *ad litem* was appointed in said action in his behalf. The minority of defendant Wilson was not brought to the attention of the court until the hearing of a motion for new trial. The record in this case discloses that the defendant was past twenty years of age at the time of the trial and had no guardian *ad litem* appointed as provided by the code.

The first question which naturally arises is, does such failure to have a guardian *ad litem* appointed go to the jurisdiction of the court? This question was presented in the case of *Johnston* v. *Southern Pac. Co.*, 150 Cal. 535 [11 Ann. Cas. 841, 89 Pac. 348]. At page 539 of this case it is said:

"It has long and constantly been held in this state that a failure to appoint a guardian *ad litem* or to sue by one, while irregular, is only that; that the defect is not a jurisdictional one, and therefore the judgment is not void." (See, also, *In re Cahill*, 74 Cal. 52 [15 Pac. 364]; *Foley* v. *California Horseshoe Co.*, 115 Cal. 184, 196 [56 Am. St. Rep. 87, 47 Pac. 42].) So far as we have been able to find, this is the last word on this point which is decisive thereof.

■ The most that can be said is that the failure to appoint a guardian *ad litem* was an irregularity. Was its irregularity then such as would affect the substantial rights of the minor and authorize the granting of a new trial? Section 657 of the Code of Civil Procedure pertains to when new trials may be granted. Subdivision 1 thereof is as follows:

"Irregularity in the proceedings of the court, jury or adverse party, or any order of the court or abuse of discretion by which either party was prevented from having a fair trial."

Before a judgment is reversed under this paragraph it must be made to appear that the irregularity is such as to affect the substantial rights of the moving party. The facts as disclosed by the record fail to show any irregularities by the court which would justify such reversal. The defendant Wilson, being past twenty years of age, came into court by the filing of his answer to the complaint, announced ready, and proceeded to trial with an attorney; sat all through the trial with the knowledge of his nonage; did not disclose this fact to the court nor to his attorney and then when judgment was rendered against him, for the first time advised the court on his motion for a new trial that he was a minor. In other words, had the jury found in his favor nothing would have been said as to his age, but since it found against him he now seeks to get out from under the judgment by reason thereof. Such actions are most reprehensible, to say the least. He was willing, by silence, to deceive the court. Such actions should not be countenanced by the court to the extent of declaring it such an irregularity as to warrant a new trial.

The courts in many jurisdictions have held that the failure to appoint a guardian *ad litem* must affect the substantial rights of the infant (*Harris* v. *Bennett,* 160 N. C. 339 [76 S. E. 217]; *Grauman, etc.,* v. *Krienitz,* 142 Wis. 556 [126 N. W. 50]; *Martin* v. *Gwynn,* 90 Ark. 44 [117 S. W. 754]). What loss of substantial rights did the defendant in this case suffer? He was ably represented by counsel in every stage of the proceedings. A trial was had by jury, before whom he submitted his evidence, and his case is ably presented on appeal. Wherein are his rights affected and what different judgment would have been rendered, had he been represented by a guardian *ad litem?* None is pointed out. It is said in *Childs* v. *Lanterman,* 103 Cal. 387, 390 [42 Am. St. Rep. 121, 37 Pac. 382, 383]: ˙

"Although it is provided by section 372 of the Code of Civil Procedure that when an infant is a party he must appear either by his general guardian or by a guardian

*ad litem* appointed by the court, yet a judgment rendered against an infant in which no guardian *ad litem* has been appointed is not for that reason void (citing cases), and a judgment rendered against him in an action in which he has appeared by an attorney will be upheld as fully as though he had appeared in person (citing *Barber* v. *Graves,* 18 Vt. 290; *Marshall* v. *Fisher,* 1 Jones (46 N. C.), 111; *Townsend* v. *Cox,* 45 Mo. 401).''

The failure to be represented by a guardian was no such error as would warrant the court in reversing the trial court on this ground.

The next complaint charges that counsel for plaintiff is guilty of unprofessional conduct in placing before the jury the fact that defendant Wilson was covered by insurance. During the trial the attorney for the plaintiff Rosebelle King questioned her relative to a conversation she had with defendant while she was in the hospital. In answer to the question: ''Well, do you remember any particular conversation you had with him on the second or third time you talked with him?'' the plaintiff answered: ''Well, I remember before he left the hospital that he phoned. He had been talking quite often and Dr. O'Neill asked him to quit. It was bothering me. I couldn't hold the phone, and before he left he phoned and said he was sorry it all happened but he had insurance to pay for everything.'' After the answer counsel for defendant promptly moved to have the answer stricken out and urged the court to declare a mistrial. The jury was excused and after some argument by counsel the court sustained the objection and admonished the jury to disregard it. Appellant claims that plaintiff's attorney knew what the answer to the question would be, as the same answer was made by the same witness in her deposition taken a few months before the trial and that such error could not be cured by any admonition given the jury. The rule laid down by this court is that when an answer is coupled with an acknowledgment of liability, prejudicial error cannot be assigned. In the case of *Rowe* v. *Rennick,* 112 Cal. App. 576 [297 Pac. 603, 607], the court said:

''We think it sufficient to establish the following rules: First, that when the answer disclosing the insurance is inextricably coupled with an acknowledgment of liability,

the answer is admissible; second, that where it appears from the testimony in the record that no verdict could have been rendered for the defendant the admission of testimony relative to insurance is not alone sufficient to authorize a reversal of the judgment. It must further appear that the judgment returned was the result of passion or prejudice.''

We think there might well have been added one other rule where such evidence would be proper, and that is when the evidence is relative to some material issue properly in the case. In automobile damage cases, where it becomes a material issue for plaintiff to prove that the automobile causing the injury was owned by defendant many courts admit evidence that the defendant made a report to the casualty company wherein he admitted ownership of the automobile. Upon the same issue it has been held competent for plaintiff merely to show that liability insurance had been taken out by the defendant upon the automobile in question. This evidence was offered on the theory of a declaration against interest and therefore comes within the rule stated. Where the evidence does not come within this rule we think the question propounded to plaintiff would be error.

The remaining question for decision is, did the answer tend to disclose acknowledgment of responsibility and, would its admission be such as to create a prejudicial error that would warrant a reversal of the judgment of the trial court? It will be noted that the answer purported to relate a conversation had with defendant some time after the accident and was as hereinbefore set out. The last four words of the answer ''to pay for everything'' would lead us to conclude that no other inference could logically be drawn therefrom and would constitute such an acknowledgment of responsibility and declaration against interest. This being true, such evidence was admissible. (*McPhee* v. *Lavin*, 183 Cal. 264, 269 [191 Pac. 23]; *Nichols* v. *Nelson*, 80 Cal. App. 590, 596 [252 Pac. 739]; *Maberto* v. *Wolfe*, 106 Cal. App. 202 [289 Pac. 218]; *Lahti* v. *McMenamin*, 204 Cal. 415 [268 Pac. 644].) In an action where there was evidence that a defendant driver of an automobile had made a statement shortly after the accident which was reasonably capable of being construed as an admission of his responsibility for the accident, the trial court did not

err in permitting counsel for defendant to introduce in evidence the entire statement, even though it revealed the fact that the defendant driver carried indemnity insurance (*Harju* v. *Market Street R. Co.*, 114 Cal. App. 138 [299 Pac. 788]). There would be no prejudicial error in admitting the testimony in question.

The final error urged by appellant is that there is not sufficient evidence to justify the verdict. We have gone over the record 'and find that there is a substantial conflict in the testimony. Where there is a conflict in the testimony it is for the jury to judge the credibility of the witnesses and the weight and effect to be given their testimony. The jury having decided this fact, the same will not be disturbed by this court.

For the reasons stated herein the judgment of the trial court is affirmed.

Jennings, Acting P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 17, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 15, 1931.