[Sac. No. 5004. In Bank.—February 26, 1937.]

PACIFIC COAST JOINT STOCK LAND BANK OF SAN FRANCISCO (a Corporation), Respondent, v. PETRA JULIA CLAUSEN et al., Defendants; VIOLET E. S. CLAUSEN, Appellant.

W. Coburn Cook for Appellant.

J. Edward Johnson and Preston & Braucht for Respondent.

LANGDON, J.—In 1931 plaintiff brought an action in the Superior Court of Merced County to foreclose a mortgage on land owned by the defendants. Defendant Violet E. S. Clausen was the owner of a one-fifth interest. Defendant Petra Julia Clausen, the mother of Violet Clausen, and the duly appointed guardian of her person and estate, owned an interest. A brother of Violet Clausen, and several other persons, also owned interests. Summons was personally served on all the defendants. None appeared, and their defaults were entered and a foreclosure decree rendered November 16, 1932. The property was then sold, and a commissioner's deed given to the purchaser January 3, 1934.

In 1934, when plaintiff sought to gain possession, defendant Violet·Clausen moved to set aside the judgment of foreclosure on the ground that she was a minor of the age of 18 years and 10 months at the time of service, and that she was not represented by any guardian or guardian *ad litem*. The lower court denied the motion, and said defendant appealed.

The general rule that a judgment against a minor not represented by a guardian is voidable by the minor upon reaching majority is of course well settled. (*Field* v. *Hughes,* 131 Cal. App. 144 [20 Pac. (2d) 990].) However, it is not quite clear what constitutes such "representation". In the instant case, the statute governing service of summons (Code Civ. Proc., sec. 411), was fully complied with. Under that section, if the minor is under 14, service must be made on him personally, and also on his parent or guardian; but "in all other cases, upon the defendant personally". Hence there is no jurisdictional defect in the present case. The appellant objects that her mother was not served twice, once as an indi-

vidual defendant, and once as guardian of the appellant, but this, as the section shows, was not essential to jurisdiction of the appellant,

Appellant's further objection is that her mother did not make an appearance on her behalf, and hence, though her guardian, did not represent her as such. We are not impressed with this argument. We do not understand the law to be that a guardian, having no defense in a suit against a ward, must nevertheless procure counsel and file pleadings or appear in court, at the expense of the ward's estate, in order to "represent" the ward. In the present case there is not the slightest indication that there was a meritorious defense to the foreclosure suit, and the decision of the guardian to default, which was also the decision of every other defendant, seems to have been a reasonable one.

It has been held in this state that even where the minor had no general guardian, the failure to appoint a guardian *ad litem* was not jurisdictional, but merely irregular, and that where it did not appear that the minor's interests were substantially prejudiced thereby, there was no reversible error. Thus, in *King* v. *Wilson,* 116 Cal. App. 191 [2 Pac. (2d) 833], a minor over 20 years of age sat through a trial, represented by counsel, and failed to disclose his nonage until after judgment. His request for a new trial was denied. (See 22 Cal. L. Rev. 576.) In the instant case we have a situation where a minor, nearly 19 years old and having a general guardian, is served with summons in an action involving her property; the guardian, her mother, and her sister are similarly served; all parties apparently decide that there is no defense and they default; now she attacks the judgment without any showing that her guardian was negligent or fraudulent, and without any claim that a valid defense to the action existed at the time of suit.

We are of the opinion that if there was any error in failing to require the appointment of a guardian *ad litem,* or in failing to compel the general guardian to make an appearance in court, it was not prejudicial to any substantial right of the appellant, and hence did not constitute reversible error.

The judgment is affirmed.

Edmonds, J., Curtis, J., Shenk, J., Thompson, J., Seawell, J., and Waste, C. J., concurred.