[Civ. No. 15482. Second Dist., Div. Two. Nov. 1, 1946.]

MELVIN J. KEANE, Appellant, v. GRACE E. PENHA, Respondent.

Haas & Home and John D. Home for Appellant.

Macdonald & Pettit, Thomas H. McGovern and Albert W. Leeds for Respondent.

MOORE, P. J.—Plaintiff appeals from an order granting defendant's motion to set aside the order of default and the judgment against her. The grounds of the motion were (1) that the default and judgment were entered through her mistake, inadvertence, surprise and excusable neglect; (2) that defendant has disaffirmed the default and judgment for the reason that they were entered while she was a minor and she did not appear by a guardian.

On March 15, 1945, defendant entered into a contract whereby she employed the firm of attorneys, Keane and Collins, assignors of plaintiff, to protect her interests in the estate of Maude T. Belknap who had deceased in the State of Massachusetts. She agreed to pay assignors 25 per cent of her inheritance for their legal services to be rendered in connection with the estate. Thereafter, assignors performed certain services prior to September 26, 1945, when by writings defendant disaffirmed her contract with the attorneys and discharged them from further connection with the Belknap estate. On January 17, 1946, defendant was served with summons and complaint in the instant action whereby plaintiff as assignee of his firm demanded $12,500 for the services alleged to have been performed. Judgment by default was entered upon such demand on February 1, 1946. On that day defendant was six months less than 20 years of age.

The greater portion of defendant's supporting affidavit consists of allegations designed to show that she was entitled

to be relieved from the default and judgment by reason of her excusable neglect and inadvertence. (Code Civ. Proc., § 473.) Inasmuch as the second issue presented by the motion is readily susceptible of demonstration only such portion of her testimony as might apply to her right of disaffirmance follows:

· ''To the best of my knowledge and belief said contract has never been approved by any court . . . in any State in which any litigation pertaining to the Belknap estate was pending. . . .

''I have never had a guardian appointed for my person or estate, and no guardian ad litem was appointed to represent me in the above entitled action. I have fully and fairly stated all of the facts of the case to my attorneys, Albert W. Leeds and Thomas H. McGovern, and after such statement am advised by said attorneys that I have a good and substantial defense on the merits.''

In response to that portion of defendant's affidavit relative to her disaffirmance of the default and judgment the affidavit of plaintiff concludes with the following:

''The contract, it is true, was not approved by any court for the reason that it was not a contract that required approval of any court. No guardian or guardian ad litem was ever appointed for the reason that during the time Miss Penha was represented by Messrs. Keane & Collins none was required. That at the time of the default hearing in the above entitled matter before the Honorable Henry M. Willis, Judge Presiding, affiant was called upon to, and did, in fact, testify in detail to the services that were rendered Miss Penha pursuant to the agreement of March 15, 1945, and as partially referred to herein and it was after a careful consideration of this testimony that the court fixed the reasonable value thereof as set forth in the judgment herein.''

Whether defendant was entitled to disaffirm the contract with the attorneys or whether plaintiff was entitled to recover the sum provided by the contract are questions to be determined upon a trial of this action. It may be observed, however, that the default judgment rendered by Judge Willis is without significance in the absence of a showing that he was advised of defendant's infancy.

█ Defendant's default was entered on January 29 and judgment was entered on February 1, 1946. She was married

on February 7 thereby attaining her majority. (Civ. Code, § 25.) She filed her disaffirmance of the default and the judgment on February 21 on the ground of her infancy on the dates of her default and of the judgment. Such prompt action spells that kind of diligence which entitles the actor to every equitable consideration. Her motion for relief was filed on the twentieth day after entry of judgment and within two weeks after the removal of her disabilities. No detriment is shown to have been suffered by plaintiff as a result of such delay. She was therefore entitled to the benefits of the general rule relative to a minor's disaffirmance of a judgment as declared in both statute and decision.

When an infant is defendant in an action he must appear either by his general guardian or by a guardian *ad litem* appointed by the court in which the action is pending. (Code Civ. Proc., § 372.) It is the general rule that an omission to cause the appointment of a guardian if there be none is fatal to all subsequent steps taken in the action. (Code Civ. Proc., § 373.) The exceptions to such rule establish the soundness of the principle therein embodied. Unless a minor is ''duly represented as provided by law'' at the time a judgment is entered against him his right to disaffirm such judgment ''continues until barred by laches after the minor has attained the age of majority.'' (*Gouanillou* v. *Industrial Acc. Com.*, 184 Cal. 418, 420 [193 P. 937].) Such a judgment is voidable and may be disaffirmed. (*Hughes* v. *Quackenbush*, 1 Cal.App.2d 349, 362 [37 P.2d 99].) The right of disaffirmance by a minor of a judgment rendered voidable by the fact that he was not represented by a guardian in the action is absolute (*Johnston* v. *Southern Pacific Co.*, 150 Cal. 535, 538 [89 P. 348, 11 Ann.Cas. 841]), and such right continues throughout his minority. (See *Pacific Coast Joint Stock Land Bank of San Francisco* v. *Clausen*, 8 Cal.2d 364, 365 [65 P.2d 352]; *Childs* v. *Lanterman*, 103 Cal. 387, 390 [37 P. 842, 42 Am.St.Rep. 121]; *Neilson* v. *Walker*, 105 Cal. App. 23, 27 [286 P. 1091].)

The fact that a minor's disaffirmance of a judgment is sometimes denied does not impair the virtue of the general rule. Such exceptions were due to the minor's conduct which was deemed to have been tantamount to a ratification after overcoming his infirmities. But in the instant case the behavior of defendant was not similar to that of the minor in any of the exceptional cases. In *King* v. *Wilson,* 116 Cal.App.

191 [2 P.2d 833], the minor was past 20 years of age. He answered, announced ready and sat through the trial without informing the court or his counsel of his minority. His substantial rights did not suffer. In *Childs* v. *Lanterman,* 103 Cal. 387 [37 P. 842, 42 Am.St.Rep. 121], the infant filed his answer and was represented throughout the trial by attorney Stephen M. White. He attained his majority one day before the judgment was filed. Instead of seeking relief on the ground of irregularity or want of authority in the attorney to appear for him he moved for a new trial, thereby submitting to the court's jurisdiction. His application to vacate the judgment was wholly without right. In *Foley* v. *California Horseshoe Company,* 115 Cal. 184 [47 P. 42, 56 Am.St. Rep. 87], because of an error in the original order appointing a guardian *ad litem* the court made a new order at the trial. Such was a proper exercise of jurisdiction.

The order is affirmed.

McComb, J., and Wilson, J., concurred.