[Civ. No. 4121. Fifth Dist. July 31, 1980.]

JENNIFER MICHELE WHITE, a Minor, etc.,
Plaintiff and Appellant, v.
ROBERT W. RENCK et al., Defendants and Respondents.

Counsel

Edward D. Nino and Dennis M. Nino for Plaintiff and Appellant.

Crosby, Heafey, Roach & May, Peter W. Davis, Carole D. Bergeron, John C. Siegel, Mayall, Hurley, Knutsen, Smith & Green and Dennis P. Howell for Defendants and Respondents.

Opinion

HAMLIN, J.*—

### Statement of the Case

This is an appeal from a judgment entered after the trial court dismissed appellant's medical malpractice action pursuant to Code of Civil Procedure section 583, subdivision (b), which provides for the mandatory dismissal of an action not brought to trial within five years.[1] Appellant is a minor born on February 4, 1972; her guardian ad litem in this appeal is her mother Donna Dambacker. Respondents are Robert W. Renck, Ben R. Boise, Sonora Medical Group, Inc., and Sonora Community Hospital, the medical defendants who obtained the dismissal.

Appellant's sole contention is that dismissal pursuant to section 583, subdivision (b), was improper because the 5-year period was tolled during a 200-day hiatus when she was unrepresented by a guardian ad litem.

The complaint herein, and a petition to have appellant's father, Matt White, appointed as her guardian ad litem were filed on February 5,

---

*Assigned by the Chairperson of the Judicial Council.

[1]Code of Civil Procedure section 583, subdivision (b), provides in relevant part: "Any action heretofore or hereafter commenced shall be dismissed by the court...after due notice to plaintiff...unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended."

1973. On that same day, the court ordered that Matt White be so appointed. Mr. White died on January 18, 1976. For reasons not disclosed by the record, a second guardian ad litem for appellant was not appointed until approximately 200 days later. On August 4, 1976, appellant's mother, Donna Dambacker (who had been designated Donna Rae White in the complaint) was appointed appellant's guardian ad litem based on an ex-parte application.

On March 20, 1978, respondents Renck, Boise and Sonora Medical Group noticed a motion to dismiss the action pursuant to section 583, subdivision (b). Respondent Sonora Community Hospital noticed a similar motion the next day. The court, after receiving points and authorities from both sides, ordered the action dismissed with prejudice on May 16, 1978. This timely appeal followed.[2]

Appellant contends that her action should not have been dismissed pursuant to Code of Civil Procedure section 583, subdivision (b),[3] because the 200-day hiatus when she was unrepresented by a guardian ad litem should not have been included in computing the 5-year period under that section. Subdivision (f) of section 583 provides that "...the time during which the jurisdiction of the court to try the action is suspended shall not be included in computing the time period specified in any subdivision of this section."

Appellant notes that the statutes governing appointment of a guardian ad litem use mandatory language. (Civ. Code, § 42, Code Civ. Proc., §§ 372, 373.)[4] Appellant also points out that the statutes regarding appointment of guardians ad litem were enacted to protect minors —not to preclude them from protecting their legal rights (*Briggs* v. *Briggs* (1958) 160 Cal.App.2d 312, 319 [325 P.2d 219]). She argues that because appointment of a guardian ad litem is mandatory and because there is a strong policy of protecting minors' rights, the absence

---

[2]Although the parties plaintiff included appellant's father and mother Matt G. White and Donna Rae White (Dambacker), only the minor has appealed.

[3]All subsequent code references are to the Code of Civil Procedure, unless specified otherwise.

[4]Civil Code section 42 provides that: "A minor may enforce his rights by civil action ...except that a guardian *must* conduct the same." (Italics added.)

of a guardian ad litem during the pendency of this action should be deemed a jurisdictional defect within the meaning of section 583, subdivision (f). We disagree.

■ The absence of a guardian ad litem is not a jurisdictional defect (*ibid.*; and see *Johnston* v. *Southern Pacific Co.* (1907) 150 Cal. 535, 539 [89 P. 348]; *In re Cahill* (1887) 74 Cal. 52, 56 [15 P. 364]; *Hughes* v. *Quackenbush* (1934) 1 Cal.App.2d 349, 362 [37 P.2d 99]; *King* v. *Wilson* (1931) 116 Cal.App. 191, 193 [2 P.2d 833]; see also 1 Cal. Civil Procedure Before Trial (Cont.Ed.Bar 1977) § 5.3, p. 192).

Appellant notes that Witkin, citing *Keane* v. *Penha* (1946) 76 Cal. App.2d 693, 696 [173 P.2d 835], suggests that an omission to appoint a guardian ad litem should be deemed an "excess of jurisdiction" (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 66, pp. 1742-1743). Appellant bases her case on Witkin's observations regarding "excess of jurisdiction." However, in so doing, she fails to draw a distinction between "excess of jurisdiction" and total lack of jurisdiction in the fundamental sense. Witkin carefully draws this distinction. He points out that the older cases stating flatly that absence of a guardian ad litem is not a jurisdictional defect but a mere "irregularity" date from a period when the concept of "excess of jurisdiction" was not as well recognized as it is today. He then expresses the view that since the trial court has no authority to disregard the mandatory statutes requiring appointment of a guardian ad litem, a judgment entered in a case without a guardian ad litem, where one is required, is in excess of the court's jurisdiction and such a judgment would be voidable (*ibid.*). However, Witkin also notes that the court does not lose jurisdiction of the subject matter and the parties by this defect; therefore, the defect could be waived and the judgment would not be subject to collateral attack as a void judgment (*ibid.*, and see 1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, § 223, pp. 756-757).

---

Code of Civil Procedure section 372 provides that: "When a minor...is a party, he *must* appear...by a guardian ad litem...." (Italics added.)

Code of Civil Procedure section 373 provides that: "When a guardian ad litem is appointed, he *must* be appointed as follows: 1. When the minor is plaintiff the appointment must be made before the summons is issued...." (Italics added.)

The distinction between lack of fundamental jurisdiction and an act in excess of jurisdiction has been explained by our Supreme Court as follows: *"Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case*, an absence of authority over the subject matter or the parties. . . . [Citing situations providing examples.]

"But in its ordinary usage the phrase 'lack of jurisdiction' is not limited to these fundamental situations. For the purpose of determining the right to review by *certiorari*, restraint by prohibition, or dismissal of an action, a much broader meaning is recognized. Here it may be applied to a case where, *though the court has jurisdiction over the subject matter and the parties in the fundamental sense, it has no 'jurisdiction' (or power) to act except in a particular manner*, or to give certain kinds of relief, *or to act without the occurrence of certain procedural prerequisites*. Thus, a probate court, with jurisdiction of an estate, and therefore over the appointment of an administrator, nevertheless acts in excess of jurisdiction if it fails to follow the statutory provisions governing such appointment." (*Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 288 [109 P.2d 942, 132 A.L.R. 715], italics added; see also 1 Witkin, Cal. Procedure, *supra*, Jurisdiction, § 179, p. 706; *id.*, § 3, pp. 528-529.)

The foregoing explanation and examples in *Abelleira* establish that the failure to appoint a guardian ad litem should fall within the latter concept of excess of jurisdiction rather than the former concept of total absence of power or jurisdiction to hear the case. Failure to appoint a guardian ad litem may be waived (see 3 Witkin, Cal. Procedure, *supra*, Pleading, §§ 66, 67, pp. 1742-1745), and a judgment rendered in the absence of a guardian ad litem is not void, but merely voidable (see *Jones* v. *Green* (1946) 74 Cal.App.2d 223, 232 [168 P.2d 418]).

■ The statute at issue in the present case, in specifying that time when the court is without jurisdiction will not be counted towards the statutory period, means lack of jurisdiction in the strict sense. Section 583, subdivision (f), uses the words: "jurisdiction of the court *to try the action*" (italics added). This language refers to the more fundamental concept of jurisdiction (see *Abelleira* v. *District Court of Appeal, supra*,

17 Cal.2d at p. 288; 1 Witkin, Cal. Procedure, *supra*, Jurisdiction, § 1, p. 526).

Moreover, our Supreme Court in discussing exceptions to the five-year requirement under section 583, has stated that one of these exceptions arises where a party is unable to bring the case to trial because of the trial court's *"total lack* of jurisdiction *in the strict sense"* (*Woley* v. *Turkus* (1958) 51 Cal.2d 402, 407 [334 P.2d 12], italics added; see also *McRoberts* v. *Gorham* (1971) 18 Cal.App.3d 1040, 1044 [96 Cal.Rptr. 427]).

■ Since the trial court did not lack jurisdiction in the fundamental sense of power to try the case, the tolling provision of section 583, subdivision (f), was inapplicable to the period during which appellant was unrepresented by a guardian ad litem. Therefore, the dismissal of appellant's action was proper.

■ Finally, we consider whether appellant's cause of action is saved by implied exceptions to section 583 which arise from the fact that the party is unable from causes beyond his control to bring the case to trial (see 4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, §§ 103, 104, pp. 2765-2767). The impossibility exception was affirmed and extended by our Supreme Court in *Christin* v. *Superior Court* (1937) 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153], to cover a situation in which a trial would be impracticable and futile. Appellant cannot rely on such implied exceptions because she has made no showing that the absence of a guardian ad litem for 200 days made it impracticable for her to bring the action to trial within the 5-year period. In fact, the record reveals that there had been no discovery before or after the expiration of the 200-day period.

■ The provisions of section 583 calling for dismissal are mandatory unless the plaintiff can bring his case within one of the statutory exceptions or one of the implied exceptions recognized by decisional law. (*King* v. *State of California* (1970) 11 Cal.App.3d 307, 310 [89 Cal.

Rptr. 715].) Since appellant has failed to bring her case within any of these exceptions, the trial court properly dismissed her action.

The judgment is affirmed.

Hopper, Acting P. J., and Pierson, J.,* concurred.

A petition for a rehearing was denied August 29, 1980, and the opinion was modified to read as printed above. Hopper, Acting P. J., was of the opinion that the petition should be granted. Appellant's petition for a hearing by the Supreme Court was denied October 29, 1980. Bird, C. J., was of the opinion that the petition should be granted.

*Assigned by the Chairperson of the Judicial Council.