Berta SALCEDA, as the legal repre-
sentative of her daughter, Maria
Isabel Salceda, Petitioner,

v.

SECRETARY OF the DEPARTMENT
OF HEALTH AND HUMAN
SERVICES, Respondent.

No. 90–1304V.

United States Court of Federal Claims.

Feb. 7, 1995.*

David P. Dibble, Eureka, CA, for petition-
er.

Mark C. Raby, with whom were Asst. Atty.
Gen. Frank W. Hunger, Helene M. Goldberg,
Director, John L. Euler, Deputy Director,
and Gerard W. Fischer, Asst. Director,
Washington, DC, for respondent.

## ORDER

ANDEWELT, Judge.

In this action, petitioner, Berta Salceda, as
the legal representative of her daughter, Ma-
ria Salceda, seeks compensation under the
National Childhood Vaccine Injury Act of
1986, 42 U.S.C. §§ 300aa–1 to –34 (the Vac-
cine Act), for injuries allegedly suffered by
Maria as the result of DPT and DT vaccina-
tions administered in July and October 1982,
respectively. In an April 6, 1994, decision on
second remand, the special master dismissed
the petition under Section 11(a)(6) of the
Vaccine Act.[1] This action is presently before
the court on petitioner's motion for review of
the special master's decision on second re-
mand.

---

* This order originally was not issued for publica-
tion. The court has concluded, however, that
publication is appropriate. Therefore, this order
is reissued as of April 20, 1995, and is available
for publication.

1. The special master originally dismissed the pe-
tition under Section 11(a)(5)(B). In a January 6,

1994, order, this court remanded the petition to
the special master for reconsideration of her
dismissal under Section 11(a)(5)(B) and for con-
sideration for the first time of the applicability of
Section 11(a)(6). In response, the special master
again dismissed the petition but relied exclusive-
ly upon Section 11(a)(6).

## I.

Section 11(a)(6) of the Vaccine Act provides: "If a person brings a civil action after November 15, 1988, for damages for a vaccine-related injury or death associated with the administration of a vaccine before November 15, 1988, such person may not file a petition under subsection (b) of this section for such injury or death." Herein, the special master based her dismissal of the petition under Section 11(a)(6) on a civil action brought in California state court seeking damages stemming from the administration of a DPT vaccine to Maria.

In her motion for review, petitioner does not dispute that the California action satisfies the temporal requirements of Section 11(a)(6) (*i.e.*, the vaccine was administered before November 15, 1988, and the California action was filed after November 15, 1988), or that the action seeks the required "damages for a vaccine-related injury or death associated with the administration of a vaccine." Instead, petitioner contends that Section 11(a)(6) does not apply here because the "same person" did not bring both the California action and the instant action. Under the Vaccine Act, the term "person" refers to the one "who has sustained a vaccine-related injury or death." 42 U.S.C. § 300aa–11(a)(9). Petitioner acknowledges that Maria filed the instant petition through her legal representative, her mother, Berta Salceda, but contends that Maria should not be deemed to have brought the California action.

## II.

The complaint in the California action names Maria as a plaintiff, "by and through her Guardian Ad Litem, Elias Salceda" and also names Maria's parents, Berta and Elias Salceda, as separate plaintiffs. Petitioner contends that notwithstanding Maria having been named as a plaintiff, Maria should not be deemed to have brought the California action because the California court never formally appointed Maria's father, Elias Salceda, as Maria's guardian ad litem. Petitioner relies upon Cal.Civ.Proc.Code § 372, which provides, in pertinent part: "When a minor, an incompetent person, or a person for whom a conservator has been appointed is a party, such person shall appear either by a guardian or conservator of the estate or by a guardian ad litem appointed by the court in which the action or proceeding is pending. . . ." Petitioner contends that because California law requires a minor to appear in an action through a guardian ad litem, and because the California court never appointed Elias Salceda as guardian ad litem, this court should conclude that Maria never appeared in the California action and, hence, did not bring that suit.

There are two problems with petitioner's argument. First, although the California court apparently did not appoint Elias Salceda as Maria's guardian ad litem, it did appoint Berta Salceda on September 17, 1990, three days before the court dismissed that action. Berta Salceda had signed the original California complaint and thereby indicated her acquiescence in the filing of the complaint which listed Maria as a plaintiff. Because Berta Salceda, as Maria's guardian ad litem, acquiesced in the bringing of the suit in Maria's name, Maria appeared in the California action pursuant to Section 372 and Maria should be deemed to have brought the California action.

Second, in any event, Section 372 does not specify who initially may bring an action in a California court. Section 372 provides that a minor "shall appear . . . by a guardian ad litem appointed by the court in which the action or proceeding *is pending*" (emphasis added). The language of Section 372 necessarily contemplates that the appointment of a guardian ad litem can occur while a suit by the minor is *pending* and hence after the suit has been brought. The question of who initially may bring such an *action is not answered* in Section 372 but rather in Cal.Civ. Proc.Code § 376, which provides that the parents of a legitimate, unmarried minor child, acting jointly, may maintain an action for injury to the child caused by the wrongful act or neglect of another. It is only after such a suit is brought and pending that appointment of a guardian ad litem is anticipated.

Petitioner recognizes that both of Maria's parents signed the California complaint but contends that the requirements of Section

376 are not satisfied because neither Berta nor Elias Salceda purported to file the California action as Maria's parents. But the complaint specifically identifies Berta and Elias Salceda as Maria's parents, and, in addition, the signature page in no way qualifies Berta's signature and shows that Elias signed the complaint "individually and as guardian ad litem for Maria Isabel Salceda." The only reasonable interpretation of the signature page of the complaint is that both Berta and Elias Salceda jointly acquiesced in bringing the suit seeking damages in Maria's name for Maria's injuries. The fact that Berta and Elias Salceda apparently anticipated at the time they signed the complaint that Elias Salceda, rather than Berta Salceda, later would be appointed guardian ad litem would not render the complaint inherently defective and would not mean that Maria should not be deemed to have brought the action.[2] The signing of the complaint by both Berta and Elias Salceda is sufficient under Section 376 for the bringing of a suit by Maria's parents in the name of Maria.

## III.

■ One other argument raised by petitioner warrants mention. Petitioner contends that interpreting Section 11(a)(6) as requiring dismissal of the instant petition fails to effectuate Congress' intent when it adopted the Vaccine Act to remedy inadequacies in the then-existing law and to provide an improved compensation system for vaccine-related injuries. Petitioner argues that as remedial legislation, the Vaccine Act should be interpreted broadly so as to grant compensation to individuals who suffered vaccine-related injuries. This argument, however, ignores the unambiguous intent Congress expressed in Section 11(a)(6).

Section 11(a)(6) deals with a specific class of vaccine-related injuries—injuries that resulted from vaccines administered prior to November 15, 1988, where the vaccine recipients had not by that date filed a civil action against the vaccine manufacturer or administrator. For all situations where the vaccine was administered *after* November 15, 1988, Congress obliges the vaccine recipient in Section 11(a)(2)(A) to file a petition under the Vaccine Act and proceed pursuant to the provisions thereunder prior to bringing a civil suit for in excess of $1,000. For situations where the vaccine was administered *prior* to November 15, 1988, Congress gives the vaccine recipient a choice of bringing a civil suit instead of filing a petition under the Vaccine Act. Congress provides, however, that if the vaccine recipient chooses to bring a civil suit, the recipient cannot thereafter seek compensation under the Vaccine Act. The wording of Section 11(a)(6) in this regard is unambiguous. If the vaccine recipient files a civil suit after November 15, 1988, he or she "may not file a petition [under the Vaccine Act]." Section 11(a)(6) does not allow for any exception, even where the vaccine recipient was unaware of the requirements of the Vaccine Act or of the repercussions of filing a civil action against the vaccine manufacturer or administrator.

Because Congress allows no exception, Section 11(a)(6), in effect, embodies Congress' determination that a vaccine recipient and his or her counsel are responsible for knowing the pertinent requirements of the Vaccine Act and must determine whether to bring a civil suit or instead to file a petition under the Vaccine Act. Berta and Elias Salceda chose to file a civil action seeking damages for Maria's injuries. Such an action

---

**2.** This interpretation does not render the requirement in Section 372 meaningless. A failure of a minor to be represented by a properly appointed guardian ad litem would still have significance. Under California state law, in the absence of a properly appointed guardian, a judgment entered by the court with respect to a minor is voidable by that minor at his or her discretion upon reaching the age of majority. *Childs v. Lanterman,* 103 Cal. 387, 37 P. 382, 383 (1894); *Foley v. California Horseshoe Co.,* 115 Cal. 184, 47 P. 42, 45 (1896); *Johnston v. Southern Pac. Co.,* 150 Cal. 535, 89 P. 348, 350 (1907); *Gouanillou v.*

*Industrial Accident Commission,* 184 Cal. 418, 193 P. 937, 938 (1920); *White v. Renck,* 108 Cal.App.3d 835, 166 Cal.Rptr. 701, 704 (5th Dist. 1980). While such a judgment is potentially voidable, however, it is not void *per se.* Herein, the California court accepted a complaint in the name of Maria for filing and possessed jurisdiction over that complaint. Under California law, the absence of a properly appointed guardian "is a mere irregularity" which does not deprive the court of jurisdiction. *In re Cahill,* 74 Cal. 52, 15 P. 364, 367 (1887); *see also White,* 108 Cal. App.3d 835, 166 Cal.Rptr. at 703–04.

would seem to be precisely the type of action that Congress intended Section 11(a)(6)· to encompass. Therefore, it is petitioner's proposed interpretation of Section 11(a)(6) rather than the special master's that is inconsistent with the congressional intent underlying the pertinent provisions of the Vaccine Act.[3]

### Conclusion

For the reasons set forth above, the court affirms the special master's April 6, 1994, decision denying compensation. The Clerk of the Court shall enter judgment accordingly.

IT IS SO ORDERED.

---

**3.** Petitioner's proposed interpretation of Section 11(a)(6) could produce, in certain circumstances, a double recovery for a vaccine-related injury, a result that would seem to be at odds with the compensation scheme created in the Vaccine Act. As explained in note 2, *supra*, under California law, a judgment in favor of a minor in an action in which the court had not formally appointed a guardian ad litem or other representative for the child is enforceable by the child (*i.e.*, it is voidable but the child can choose not to void it). Here, had the California action gone to judgment and the court ordered judgment in Maria's favor, Maria could have enforced that judgment. Petitioner's contention to the effect that the absence in the California suit of a proper appointment of Elias Salceda as Maria's guardian ad litem should allow Maria to file a petition under the Vaccine Act would therefore leave open the possibility of a double recovery.