[Civ. No. 10057. First Appellate District, Division Two.—May 13, 1936.]

EDWARD B. CIKUTH et al., Appellants, v. JOHN LOERO et al., Defendants; ALFRED MEDEIROS, Respondent.

John A. Foley and Thomas C. Ryan for Appellants.

James W. Hughes, and Wyckoff, Gardner & Parker for Respondent.

NOURSE, P. J.—The plaintiff appeals from an order vacating a judgment. A trial was had commencing March 7, 1934, and resulting in a judgment for plaintiff entered March 22, 1934. On April 26, 1934, after having filed a notice of intention to move for a new trial, the defendant, Alfred Medeiros, filed a disaffirmance of the judgment on the grounds of his minority during the course of the trial and because no guardian *ad litem* or general guardian had been appointed to represent him. After this judgment had become final, and on May 18, 1935, this defendant through a guardian *ad litem,* who had been appointed for the purpose, moved to vacate and set aside the judgment on the same grounds. In its order vacating the judgment the trial court found that the defendant Medeiros had been properly represented by counsel throughout the course of the trial and that his substantial rights were protected at all stages of the proceedings. The undisputed evidence is that this action, which was one for damages for an injury resulting from an automobile collision, was in truth and fact tried and defended by the insurance carrier of defendant Medeiros, and after an adverse judgment was entered, the insurance carrier persuaded him to raise the point of minority and to follow with a motion to vacate the judgment.

The burden of appellant's attack upon the order rests upon the principle that where the substantial rights of a minor have been fully and adequately protected during the course of a trial, he should not be permitted to disaffirm a judgment regularly entered against him. Respectable authorities are cited in support of this principle and others could be cited in opposition to it. A decision on the point is not necessary because the judgment herein is controlled by considerations which go beyond that of the discretion of the trial judge.

The order must be reversed because the court was without jurisdiction to make it. It is the accepted rule that the failure to appoint a guardian for a minor *ad litem* is a mere irregularity or judicial error which does not affect the jurisdiction of the court. (*Johnston* v. *Southern Pacific Co.*, 150 Cal. 535, 539 [89 Pac. 348, 11 Ann. Cas. 841]; *King* v. *Wilson,* 116 Cal. App. 191, 193 [2 Pac. (2d) 833].)

 A motion to vacate a judgment not void on its face must be made within six months of its entry and must

be based on grounds authorized by the code. (*Lankton* v. *Superior Court*, 5 Cal. (2d) 694 [55 Pac. (2d) 1170].)

■ In that case the Supreme Court held the trial court was without jurisdiction to modify a judgment for "judicial error" after the time for appeal had passed and, by the same reasoning, it would deny jurisdiction to vacate a judgment except under the same conditions. This follows from the well-settled rule that, unless the power to modify or vacate is reserved, that power is lost when the judgment becomes final. (15 R. C. L., p. 691; *Grannis* v. *Superior Court*, 146 Cal. 245 [79 Pac. 891, 106 Am. St. Rep. 23]; *Baird* v. *Smith*, 216 Cal. 408, 410 [14 Pac. (2d) 749]; 14 Cal. Jur. 1022.)

■ Here the motion to vacate was made about a year after the judgment became final. It was not based on any grounds mentioned in section 473 of the Code of Civil Procedure, and the judgment was not void upon its face. As soon as that judgment became final all the proceedings therein or the "*litem*" became dead and there was no jurisdiction in the trial court at that time to appoint a guardian *ad litem* to appear for the minor in that proceeding. The order appointing the guardian *ad litem* could confer upon him no greater power or privileges than those which could have been exercised by the real party to the action. Hence, if the defendant had any remedy, it was by an independent action in equity.

The order is reversed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 12, 1936, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 10, 1936.