[Civ. No. 20438.  Second Dist., Div. One.  Jan. 10, 1955.]

F. H. GARBUTT, Appellant, v. DANNY MACK CAMPBELL, Respondent.

Stuart McHaffie for Appellant.

Waite & Drapeau for Respondent.

DORAN, J.—Plaintiff appeals from the order setting aside the default and permitting defendant to answer.

The complaint in the action was filed and the summons issued on June 28, 1949. The action was for damages to plaintiff's car resulting from the alleged negligence of defendant. The judgment was for $495.87. Request for default filed July 29, 1949. Default judgment entered May 29, 1952. The court found that defendant was born January

19, 1932, and attained majority January 11, 1953. Motion to set aside default made January 1, 1954. Default set aside February 17, 1954.

Defendant "moved to set aside his default, the default judgment and for permission to file answer on the ground that said default and judgment were taken · against him through his mistake, inadvertence, surprise or excusable neglect, and upon the ground that said defendant has disaffirmed the default and judgment for the reason that they were entered while he was a minor, and did not appear by a guardian. . . . The Court in its memorandum of opinion found that the true date of birth of defendant Campbell was as set forth in the birth certificate."

Appellant contends that, "The sole question involved in this appeal was whether or not the Court had jurisdiction to set aside the judgment 4 days less than one year after defendant attained majority and more than four years after entry of default and more than a year and a half after judgment made and entered."

As recited in respondent's brief, "It was and is the position of respondent that inasmuch as he did not recall service of process in this proceeding, and he was a minor at the time of its institution, to wit: the age of seventeen (17) years and some months at the time of the entry of the default herein and at the time of the ·entry of judgment herein; and further, that since he was first notified of the existence of the judgment only when execution was levied upon his vehicle, in the early part of 1954, and he immediately thereafter took steps to answer the complaint and have the cause heard on its merits."

Appellant relies on *Cikuth* v. *Loero*, 14 Cal.App.2d 32 [57 P.2d 1009], and contends that the Cikuth case "is on 'all fours' with the case at bar." There, however, the defendant participated in the trial of the action which, incidentally was a negligence case.

It is the general rule of course that an infant must appear either by general guardian or guardian *ad litem* appointed by the court. The exceptions result from facts and circumstances that do not exist in the within action. As stated in *Keane* v. *Penha*, 76 Cal.App.2d 693 [173 P.2d 835], cited by respondent, "The fact that a minor's disaffirmance of a judgment is sometimes denied does not impair the virtue of the general rule. Such exceptions were due to the minor's conduct which was deemed to have been tantamount to a

ratification after overcoming his infirmities. But in the instant case the behavior of the defendant was not similar to that of the minor in any of the exceptional cases.''

■ There is no evidence of laches nor does the record reveal an abuse of discretion by the trial court.

The order is affirmed.

White, P. J., and Mosk, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.