Angelina Díaz Bermúdez et al., Plaintiffs and Appellees-Appellants, *v.* Heirs of Ramón Díaz Román, et ux., Defendants and Appellees; José María Quiñones, Defendant and Appellant-Appellee.

No. 9474. Argued November 3, 1947. Decided February 25, 1948.

*Luis Mercader* for defendant and appellant-appellee. *E. Pérez Casalduc* for plaintiffs and appellees-appellants. *A. Reyes Delgado* for defendants and appellees.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

By deed of October 31, 1928 before Notary Antonio Suliveres, José Díaz López, unmarried, mortgaged in favor of Ramón Díaz Román the property described in the complaint. The mortgage was executed to secure a loan for $875.40, with interest at the rate of 8 per cent annually, which was paid as follows: $100 on October 31, 1931 and $775.40 on the same day and month of 1932. It was further agreed that the mortgage would be extended, in case of litigation, to two additional credits of $200 each, for interest and costs, and disbursements and attorney's fees, respectively.

On October 4, 1933 Ramón Díaz Román instituted a mortgage foreclosure proceeding. He claimed $875.40 as principal

of the loan, $326.82 for accrued interest until June, 1933, at the rate of 8 per cent annually, plus any interest that might accrue from that date plus the $200 agreed for costs, expenses and attorney's fees. Since by that time José Díaz López had died, the proceeding was directed against his alleged estate, composed, as alleged in the petition, of his natural children Angelina, Amado, José, Amelia, Rosa María, Angel Manuel, Gilberto and José Manuel Díaz, had with Margarita Bermúdez, who had also since died. By virtue of the foreclosure proceeding the property was adjudicated to Ramón Díaz Román, the creditor, in a deed of judicial sale dated March 12, 1934, for the amount of $800. He took possession thereof and recorded it in his favor in the registry of property. The property was successively conveyed to different persons who recorded their respective titles, the last owner being José María Quiñones, defendant herein, who recorded it in his favor on March 17, 1942.

On June 26, 1945 the aforesaid natural children of José Díaz López filed a complaint against the heirs of Ramón Díaz Román and against José María Quiñones, seeking the nullity of the foreclosure proceeding. Consequently, they asked that the property be restored to them and that defendants be adjudged to pay $2,000 which was the amount estimated as the value of the fruits yielded or that should have been yielded. In the event that the court should decide that José María Quiñones was a third party, they prayed that the other defendants be ordered to pay in solidum the amount of $1,500 which was the estimated value of the property, plus the other amounts above stated.

Plaintiffs alleged that the foreclosure proceeding was void: (1) because the defendants were not legally served with process; (2) because the sale of the property was ordered to satisfy, among other things, the amount of $326.82 for default interest "when the mortgage only secured the payment of said interest up to the amount of $200"; and

(3) because the amount that was made to appear as principal of the loan included usurious interest.

The lower court decided that the order of the public sale in the foreclosure proceeding was void for lack of jurisdiction. It based this decision on the fact that the demand of payment was made without the appointment of a guardian *ad litem* for the defendants, who were all minors. It cited § 56 of the Code of Civil Procedure and *Rodríguez* v. *Nadal widow of Morell,* 45 P.R.R. 457, 480.[1] It further held that José María Quiñones was not a third party because the defect of the title appeared in the registry. Consequently, it declared void the judicial sale made in favor of Ramón Díaz Román in the foreclosure proceeding; it annulled the subsequent conveyances including the one made in favor of José María Quiñones; it ordered the latter to restore the property to the plaintiffs without compensating fruits and it dismissed the complaint as to the heirs of Ramón Díaz Román. Lastly, it ordered the Registrar of Property of Utuado to cancel all the entries made subsequent to and including the judicial sale in favor of Quiñones and to record the property in favor of the plaintiffs as the sole and universal heirs of José Díaz López, "upon payment of their inheritance tax, if any, according to the law in force at the death of their predecessor."

Against this judgment José María Quiñones and the plaintiffs have appealed. The latter appealed only from the dismissal of their claim for fruits.

██ Plaintiffs argue that defendant's contention to the effect that the court acquired jurisdiction over the minors in the foreclosure proceeding merely because the latter were personally served with process as well as Adela Díaz, under whose care they lived, is untenable.

---

[1] The correct name of this case is *Domínguez* v. *Nadal widow of Del Moral,* 45 P.R.R. 457, 480.

From the writ demanding payment, (Exhibit *D* for plaintiffs) it appears that two of the minor defendants in the foreclosure proceeding were over fourteen years of age. It also appears that the court ordered that process be served on all the minors as well as on Adela Díaz López, having their care and control. But from the marshal's return attached to the record it appears that he did not serve the minors with process but only their aunt with whom they lived and under whose care they were. Nevertheless, from Exhibit *B* of the defendant, which is the certificate issued by the registrar of property, it appears that the marshal strictly complied with the order of the court notifying all the minors personally and their aunt, in her aforesaid capacity.[2] As it may be seen, there is a conflict between the certificates in the record and the entries of the registry. But Quiñones' right depends on whatever the registry says. This is so because Quiñones was not a party in the act or contract recorded,[3] that is, in the deed of judicial sale, but on the contrary, he purchased from the person appearing in the registry as owner. His title was also recorded without it having been shown that he was personally aware of the defect in the service of the writ, as it appeared from the marshal's return.[4] Having established these principles we must now

---

[2] The discrepancy between the marshal's certificate and the entry made in the registry was due perhaps to the fact that in the deed of judicial sale, after copying the writ demanding payment it was stated that the defendants were served ''as it appears in the record''; and the registrar understood the words ''as it appears in the record'' in the sense that the marshal had acted pursuant to the directions in the writ of payment.

[3] Section 27 of the Mortgage Law provides:

''For the purposes of this law, a third person shall be considered one who has not been a party to the recorded instrument or contract.''

[4] Section 34 of the Mortgage Law provides in its first paragraph that:

''Notwithstanding the provisions of the foregoing article, instruments or contracts executed or entered into by a person who, according to the registry, has a right to do so, shall not be invalidated with regard to third persons after they have been recorded, even though the interest of such party should subsequently be annulled or terminated by virtue of a prior deed which was not recorded or for reasons which do not clerly appear from said registry.''

in logical order determine whether the service of process as the same was entered in the registry, is valid.

■ On dealing with the procedure that should govern the demand of payment, § 168 of the ''Regulations For the Execution of the Mortgage Law'' provides that when the proceedings are directed solely against property subject to the mortgage, they shall conform to the provisions of § 128 *et seq.* of the Law and of the Regulations, supplemented by the Code of Civil Procedure. Since neither the Law nor the Regulations provides the manner of serving process when the defendants are minors, and since process was served on December 11, 1933, we must resort to § 93 of the Code of Civil Procedure which provides in its pertinent part:

''Section 93.—The summons must be served by delivering a copy thereof, as follows:

'' *       *       *       *       *       *       *

''3.—If against a minor under the age of fourteen years, residing within said Island to such minor, personally, and also to his father, mother or guardian; and if there be none within this Island, then to any persons having the care or control of such minor, or with whom he resides, or in whose service he is employed.

'' *       *       *       *       *       *       *

''6. In all other cases to the defendant personally.'' [5]

In our opinion the marshal, according to the registry, complied with the provisions of § 93 above cited, for he served the summons on the two defendants over fourteen years of age personally and as to the others, he served them personally and also the person having their care or control. It may be argued that subdivision 3 authorizes the summons to be served on those under fourteen years of age through the persons having their care or control only when their father, mother or guardian *are not* within the Island. Despite our careful search we have not found a single decision or any other authority maintaining that in cases like the present

---

[5] According to this Section a person over fourteen years of age shall be summoned in the same manner as those of legal age.

238

one the person who has the care or control of the minor cannot be legally summoned on his behalf. It seems logical that if this person is sufficiently competent to represent the minor when the father, mother or guardian are absent from the Island, with more reason he may represent him when his parents have died and there is no guardian. Where the same reason exists, there the same law prevails.

■■ The lower court and the plaintiffs maintain that in this case a guardian *ad litem* should have been appointed for the minors pursuant to § 56 of the Code of Civil Procedure. Indeed, this Section provides that when an infant, insane or an incompetent person is a party *he must appear,* either by his general guardian or by a guardian *ad litem* appointed by the court in which the action is pending. This Court has held, in connection with § 56 of the Code of Civil Procedure, that the omission to appoint a guardian *ad litem* in cases where the appointment lies, is an irregularity which does not affect the jurisdiction of the court. *Trueba* v. *Martínez, et al.,* 33 P.R.R. 446. This ruling is in accord with that of the Supreme Court of California in construing § 372 of the Code of Civil Procedure of that State which is similar to our § 56. *Keane* v. *Penha,* 173 P.(2d) 835 (Cal. 1946); *Hughes* v. *Quackenbush,* 37 P.(2d) 99 (Cal. 1934); *Gouanillou* v. *Industrial Accident Commission,* 193 P. 937 (Cal. 1920); *Childs* v. *Lanterman,* 37 P. 382 (Cal. 1894) and 22 Calif. Law Review 576 (1933–1934). It has been likewise held in California, that although the omission is not a jurisdictional question, the judgment, as a general rule, may be disaffirmed on motion of the minor during a reasonable time after he has attained the age of majority. *Keane* v. *Penha, supra; Hughes* v. *Quackenbush, supra; Gouanillou* v. *Industrial Accident Commission, supra; Childs* v. *Lanterman, supra,* and 22 Calif. Law Review, *supra.* The registry does not disclose that a guardian had been appointed in the foreclosure proceeding. Consequently, José María Quiñones was cautioned as to this

alleged omission. If this had been a case other than a foreclosure proceeding, we would have to decide that the lower court acted correctly in annulling the proceeding for the failure to appoint a guardian *ad litem* for the minors. But due to the nature of a foreclosure proceeding and the fact that the omission does not affect the jurisdiction we are precluded from reaching such a conclusion. This is so because the object of a guardian *ad litem* is to represent the minor *in the appearance* he must make, either to sue or to defend him in a suit after having been validly summoned. In a foreclosure proceeding the defendant has no right to appear except under the three circumstances enumerated in § 175 of the Regulations for the Execution of the Mortgage Law, to wit:

"1.—When documentary evidence is produced of criminal proceedings charging the forgery of the mortgage deed the subject of the proceedings, in which a complaint shall have been admitted or an order of prosecution has been issued.

"2.—When an action in intervention of ownership is filed, necessarily the title of the ownership of the estate in question recorded in favor of the intervener under a date prior to the record of the claim of the execution creditor and not canceled in the registry being necessarily filed therewith.

"3.—When a certificate from the registrar is presented to the effect that the mortgage under which the proceedings are being prosecuted has been canceled, or an authentic copy of the public instrument of the cancellation of the same, bearing a memorandum of its presentation in any of the registries where it is to be noted, executed by the plaintiff or by his predecessors or successors in interest, the transfer in a proper case being also proved by documentary evidence."

It may be readily inferred from the record that the conditions mentioned in § 175 copied above, were not present in the foreclosure proceeding against the minors, nor was the existence of said conditions even suggested in the petition for the annulment of the foreclosure proceeding. Consequently, no prejudice was caused to the minors by the omission to appoint a guardian *ad litem* in a case where they, even

through a guardian, could not have appeared. See Cf. *State v. Hodge,* 42 S. E. (2d) 23 (W. Va., 1947). The law does not ask for idle things and the spirit which inspires the modern procedure is expressed in § 142 of the Code of Civil Procedure. It provides:

"The court must, in every state of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties, and *no judgment shall be* reversed or *affected* by reason of such error or defect." (Italics ours.)

The case of *Domínguez* v. *Nadal Widow of Del Moral, supra,* is not applicable. There the incompetent person was the plaintiff and we said:

"According to section 56 of the Code of Civil Procedure, when an infant or an insane or incompetent person is a party, *he must appear,* either by his general guardian or by a guardian *ad litem* appointed by the court in which the action is pending, in each case, or by the judge thereof." (page 480). (Italics ours.)

■■ We have already pointed out that another ground alleged for the annulment was the fact that the mortgagee collected the amount of $326.82 for interest when in the deed the amount fixed for that purpose was only $200.[6] The purpose of fixing a credit for interest is to protect subsequent purchasers of the property or a mortgage credit thereon. But at the time the mortgage was foreclosed there was no subsequent purchaser or mortgage creditor other than Ramón Díaz Román, since the heirs of José Díaz López were the continuation of the personality of their predecessor and could not be third parties with respect to the creditor Ramón Díaz Román. Therefore, the fact that $326.82 was collected for interest does not invalidate the proceeding even though in the mortgage deed $200 was fixed for that purpose. *Torres* v. *Fernández,* 65 P.R.R. 584.

---

[6] It is alleged in the petition that that amount was designated for default interest; but this is an error because in the mortgage deed no mention is made of said interest.

Since it appears from the registry that the minor defendants in the foreclosure proceeding were duly served with process inasmuch as they were all personally summoned and those under fourteen years of age were also summoned through the person having their custody we must decide that José María Quiñones is a third party pursuant to § 34 of the Mortgage Law and consequently, that his title is valid.[7]

The conclusion to which we have arrived makes it unnecessary to consider the appeal taken by the plaintiffs, since the scope of the judgment against them only dismissed their claim for fruits.

The judgment is reversed and another is rendered dismissing the complaint, with costs on the plaintiffs.

---

[7] Although one of the grounds alleged for nullity was that usurious interest was collected, no proof was presented in support of said allegation, and even if it had been, such a circumstance did not appear from the registry and therefore did not prejudice José María Quiñones.