**Berta SALCEDA, as the legal representative of her daughter, Maria Isabel Salceda, Petitioner–Appellant,**

**v.**

**SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent–Appellee.**

**No. 95–5078.**

United States Court of Appeals, Federal Circuit.

Nov. 28, 1995.

David P. Dibble, Eureka, California, argued for petitioner-appellant.

Mark Curtis Raby, Attorney, Department of Justice, Washington, D.C., argued for respondent-appellee. With him on the brief were Frank W. Hunger, Assistant Attorney General, Helene M. Goldberg and John Lodge Euler, Attorneys.

Before RICH, SCHALL, and BRYSON, Circuit Judges.

PER CURIAM.

Berta Salceda appeals on behalf of her minor daughter, Maria Isabel Salceda, from an order of the Court of Federal Claims that affirmed the decision of a special master denying compensation under the National Childhood Vaccine Injury Act of 1986, 42

U.S.C. §§ 300aa–1 to –34 (the Vaccine Act). *Salceda v. Secretary of Dep't of Health & Human Services*, 33 Fed.Cl. 164 (1995). The special master and the Court of Federal Claims held that because Maria Salceda suffered her alleged vaccine-related injury before November 15, 1988, and because a civil action was filed on her behalf after that date, she is deemed to have elected the civil action as her remedy, and is ineligible by virtue of 42 U.S.C. § 300aa–11(a)(6) to file a petition under the Vaccine Act.

## DISCUSSION

Section 2111(a)(6) of the Vaccine Act prohibits a person from entering the statutory compensation system if he or she "brings a civil action after November 15, 1988, for damages for a vaccine-related injury or death associated with the administration of a vaccine before November 15, 1988." Appellant argues that Maria did not "bring" a civil action within the meaning of Section 2111(a)(6), and that the present action under the Vaccine Act is therefore not barred.

Appellant acknowledges that a civil action was brought on March 23, 1990, in a California state court by Maria's mother and father, and that it was brought on Maria's behalf. Appellant argues, however, that under California state law the action cannot be regarded as having been brought by Maria. First, she notes that although the complaint identified Maria's father as her guardian ad litem, he had not been appointed her guardian ad litem and thus did not have the capacity or authority to file the lawsuit on her behalf. Second, she argues that because the complaint did not specifically state that both parents were bringing the action on behalf of Maria, the action cannot be regarded as having been brought by Maria. Third, she contends that because Maria's mother was appointed guardian ad litem while the state court action was pending, Maria cannot be regarded as having brought the action but must be regarded, at most, as having joined it after it was under way. Finally, she argues that the state court civil action cannot be given effect as an election of remedies under Section 2111(a)(6) of the Vaccine Act, because under California law a guardian ad litem may not act unilaterally to compromise the substantial rights of a minor.

The Court of Federal Claims addressed and correctly resolved each of appellant's first three arguments. With respect to those three points, we affirm on the basis of the opinion of the Court of Federal Claims, which provides a full explanation of why each of those arguments must be rejected.

The Court of Federal Claims did not explicitly address appellant's last argument, but like the first three, it is without merit. Addressing the same argument in a different case, the Court of Federal Claims held that the election to proceed through a civil action, rather than through the Vaccine Act compensation program, is not considered an action that is prejudicial to the minor. *See Benedict v. Secretary of Dep't of Health & Human Services*, 29 Fed.Cl. 587, 592–93 (1993). That conclusion is in accord with the decision of the Supreme Court in *In re Moore*, 209 U.S. 490, 496, 28 S.Ct. 585, 587, 52 L.Ed. 904 (1908), in which the Court held that "a next friend may select the tribunal in which the suit shall be brought" and that "the mere selection of one out of many tribunals having jurisdiction cannot be considered as an act to the latter's prejudice."

To adopt appellant's position would substantially undermine Section 2111(a)(6) of the Vaccine Act, as it would mean that in many cases in which a minor is represented by a guardian, an election to proceed with a civil action under Section 2111(a)(6) would be deemed ineffective if the guardian subsequently decided it was preferable to proceed by way of the Vaccine Act compensation system. The binding election provided for by Section 2111(a)(6) cannot be avoided simply by asserting that state law refuses to recognize such elections when made on behalf of minors who subsequently file Vaccine Act petitions. We therefore reject this last ground for reversal and affirm the judgment of the Court of Federal Claims dismissing the petition in this case.

*AFFIRMED.*