86 F.3d 1179
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Willie F. BROWN and Doris N. Brown, as PARENTS OF Sarah J.
Brown, Petitioners-Appellants,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent-Appellee.
 No. 96-5068.
 United States Court of Appeals, Federal Circuit.
 June 12, 1996.
 
 Before ARCHER, Chief Judge, CLEVENGER, and RADER, Circuit Judges.
 ARCHER, Chief Judge.
 
 
 1
 Willie and Doris Brown appeal from the judgment of the Court of Federal Claims affirming the Special Master's dismissal of their petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (1994) (Vaccine Act), for an injury suffered by their daughter. Brown v. Secretary of Dep't of Health & Human Servs., 34 Fed. Cl. 663 (1995). We affirm.
 
 DISCUSSION
 
 2
 Appellants filed a petition for compensation under the Vaccine Act alleging that their daughter, Sarah, suffered an injury by reason of a diphtheria-pertussis-tetanus (DPT) vaccination. The Special Master dismissed their petition because the Browns had filed a civil action for damages after November 15, 1988, and were thus barred by § 300aa -11(a)(6) from pursuing a petition under the Vaccine Act. Finding no error of law or abuse of discretion, the Court of Federal Claims affirmed.
 
 
 3
 We review de novo the decision of the Court of Federal Claims as to whether the special master's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Knudsen v. Secretary of the Dep't of Health & Human Servs., 35 F.3d 543, 546 (Fed.Cir.1994); Hines v. Secretary of the Dep't of Health & Human Servs., 940 F.2d 1518, 1524 (Fed.Cir.1991).
 
 
 4
 Section 11(a)(6) of the Vaccine Act provides:
 
 
 5
 If a person brings a civil action after November 15, 1988 for damages for a vaccine-related injury or death associated with the administration of a vaccine before November 15, 1988, such person may not file a petition under subsection (b) of this section for such injury or death.
 
 
 6
 Under this section, a civil suit for an injury resulting from a vaccination administered before November 15, 1988, which is filed after that date, constitutes an election and precludes the filing of a claim under the Vaccine Act. See, e.g., Salceda v. Secretary of Health & Human Servs., 70 F.3d 608, 609 (Fed.Cir.1995).
 
 
 7
 The pertinent facts of this case are not in dispute. Sarah received the DPT vaccination that the Browns allege caused her injuries in February, 1986. The Browns initiated a civil action on January 17, 1989 by sending a letter to the Louisiana Commissioner of Insurance and then filing suit on May 25, 1990 in a Louisiana state court against the physician who administered the vaccination. Thus, the Browns' claim falls squarely within § 11(a)(6)--the Browns filed a civil action after November 15, 1988, for injuries associated with a vaccination administered before November 15, 1988--and, as a result, the Browns may not file a petition under the Vaccine Act. Accordingly, the Special Master did not err by dismissing the Browns' petition and the judgment of the Court of Federal Claims is affirmed.
 
 
 8
 The Browns argue that, because they dismissed the civil suit on September 30, 1990, they have complied with § 11(a)(5)(A)[1] and should be allowed to file a petition under the Vaccine Act. This section is not applicable, however, because the Browns did not have a civil action pending on the effective date of that subpart, October 1, 1988, as required by that section.
 
 
 
 [1]
 Section 11(5)(A) provides:
 A plaintiff who on October 1, 1988, has pending a civil action for damages for a vaccine-related injury or death may, at any time within 2 years after October 1, 1988, or before judgment, whichever occurs first, petition to have such action dismissed without prejudice or costs and file a petition under subsection (b) of this section for such injury or death.
 42 U.S.C. § 300aa-(11)(5)(A) (1994).